# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3706
_____

Estate of Marjory Gail Thomas Osborn-Vincent

*Plaintiff - Appellant*

Lesa Benacquisto; Daniel Benacquisto; Richard Thoresen; Elizabeth Thoresen; Arnold Mork; Isabella Mork; Ronald Melchert; Susan Melchert, on behalf of themselves and all others similarly situated

*Plaintiffs*

v.

American Express Financial Corporation; American Express Financial Advisors, Inc.; American Centurion Life Assurance Company; American Enterprise Life Insurance Company; American Partners Life Insurance Company; IDS Life Insurance Company; IDS Life Insurance Company of New York

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: December 17, 2020
Filed: February 4, 2021
[Unpublished]
_____

Before GRUENDER, ERICKSON, and KOBES, Circuit Judges.
_____

PER CURIAM.

Marjory Gail Thomas Osborn-Vincent was a member of a class certified in the District of Minnesota. The action involved alleged misrepresentations made by defendants while marketing, selling, administering, and servicing various life insurance and annuity products. A settlement agreement approved by the court in 2001 contained a release which applied to, in relevant part, "all Class Members, on behalf of themselves and their respective heirs, executors, administrators, [and] successors" and covered conduct that included "any and all past or present" claims that "are based upon, related to, or connected with, directly or indirectly, in whole or in part," the facts and allegations underlying the lawsuit. The court retained jurisdiction to enforce the settlement agreement.

After Osborn-Vincent died in 2016, her Estate brought suit in Oregon asserting various fraud claims against defendants based on Osborn-Vincent's purchase of a life insurance policy. Defendants moved the district court in Minnesota to enforce the settlement agreement and enjoin the Estate of Osborn-Vincent from pursuing its claims in Oregon on the ground that Osborn-Vincent waived the claims as part of the settlement agreement. The district court agreed and entered an order enjoining the Estate of Osborn-Vincent. Osborn-Vincent appeals.

For a federal court to have personal jurisdiction over a party, the party must be properly served under Fed. R. Civ. P. 4. Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 885 (8th Cir. 1996) (concluding the district court lacked jurisdiction over an improperly served party regardless of whether or not the party had notice of the lawsuit). Here, defendants never effected service under Rule 4 against the party that they sought to enjoin: the personal representative of the Estate of Osborn-Vincent. In addition, although permissible under Fed. R. Civ. P. 25, the defendants never moved to substitute the personal representative of Osborn-Vincent's estate as a party.

-2-

We remand for further proceedings consistent with this opinion.

_____